## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Address:  GILVIA VONZELLA WILSON,<br>436 Hoke Drive<br>Petersburg, VA 23805<br><br>    Debtor(s).<br><br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST<br>        Plaintiff,<br><br>v.<br><br>GILVIA VONZELLA WILSON,<br>Debtor(s)<br>SUZANNE E. WADE<br>Trustee<br>    Defendants. | CASE NO: 16-36070-KLP<br><br>CHAPTER 13 |

### CONSENT ORDER MODIFYING AUTOMATIC STAY

Upon consideration of the motion of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for relief from the automatic stay with respect to real property located at 436 Hoke Drive, Petersburg, VA 23805, and is more particularly described as follows:

ALL THOSE CERTAIN LOTS, PIECE OR PARCELS OF LAND, WITH ALL

IMPROVEMENTS THEREON AND APPURTENANCES THERETO

BELONGING, LYING AND BEING IN THE CITY OF PETERSBURG,

VIRGINIA, AND SHOWN AND DESIGNATED AS LOTS 98, 99, 100, AND

101, BLOCK C, SECTION 2, ON SUBDIVISION PLAT OF BATTLEFIELD

M. Christine Maggard, VSB# 33824
Brock & Scott, PLLC
484 Viking Drive, Suite 203
Virginia Beach, VA 23452
christine.maggard@brockandscott.com
*Counsel for the Movant*

PARK, SECTION 2, RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT OF PRINCE GEORGE COUNTY, VIRGINIA, IN PLAT BOOK 10, PAGE 1, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY HEREBY CONVEYED.

BEING THE SAME REAL ESTATE CONVEYED TO GRANTOR BY DEED RECORDED SIMULTANEOUSLY HEREWITH.

it is **ORDERED:**

1. Debtor will resume making all future regular monthly installment payments, in the amount of $1,058.30, as they become due commencing August 1, 2017. Payments will include any late charges effective as of the August 1, 2017 payment, if applicable pending further notice from the Movant.

2. The Debtor will cure the post-petition arrearage currently due to the Movant in the amount of $1,089.64, for the months of April 1, 2017 through April 1, 2017, $3,174.90, for the months of May 1, 2017 through July 1, 2017, plus attorney fees and costs in the amount of $1,031.00, less suspense in the amount of $564.98, for the total amount due of $4,730.56, by making a one-time good faith payment in the amount of $946.11 due on or before thirty (30) days from the entry of this Order, and the remaining arrearage in the amount of $3,784.45 by making the following payments:

    a. $630.75 on or before September 15, 2017;

    b. $630.74 on or before October 15, 2017;

    c. $630.74 on or before November 15, 2017;

    d. $630.74 on or before December 15, 2017;

    e. $630.74 on or before January 15, 2018;

  f. $630.74 on or before February 15, 2018

3. In the event that any payment required by this Order, is not received by the Movant within 15 (fifteen) days after its due date, the Movant may mail a Notice of Default to the Debtor, Trustee, and Debtor's Counsel, by first class mail, postage pre-paid or by email at the same time as the Notice of Default is mailed to the Debtor. The Notice of Default will state in simple and plain language the following:

 a. That the Debtor is in default of not making at least one payment required under this order.

 b. The date(s) and amount(s) of each missed payment and any late charge or other fee(s) necessary to cure the default;

 c. The action necessary to cure the default, including any address to which payments must be mailed:

 d. That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the Notice of Default:

  i. Cure the default;

  ii. File an objection with the Court stating that no default exists; or

  iii. File an objection with the Court stating any other reason why an

Order granting relief from the automatic stay should not be entered;

 e. That if the Trustee or Debtor does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and

    f. That if the automatic stay is terminated, the collateral may be sold at the foreclosure sale.

    g. If the Trustee or Debtor, file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this Order, with respect to regular monthly installment payments, expire one year after the date of entry of this order. In the event of the default in the payment of any regular monthly installment payments due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the Note holder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the Court.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of

$50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $50.00, for issuance of a certificate of default and preparation of an Order Terminating the Automatic Stay.

8. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Clam filed by the Movant.

9. All future payments made pursuant to the terms of this order should be forwarded to the following address until further notice.

   Caliber Home Loans
   PO Box 650856
   Dallas, TX 75265

10. The Debtor(s) have been fully advised and agree to the settlement conditions of this order.

11. Once the debtor makes all of the stipulated payments and the regular monthly mortgage payments during the cure period as required in the Order, then all monthly payments, costs, fees and late charges shall be deemed current from the date of the filing of the bankruptcy through the date of the entry of the Order.

**FURTHER ORDERED** that the Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed and pay the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court.

ENTERED this _____ day of _____ 2017

Aug 15 2017

/s/ Keith L. Phillips
_____
Honorable Keith L. Phillips
United States Bankruptcy Judge

Entered on Docket: Aug 16 2017

**I ASK FOR THIS:**

/s/ M. Christine Maggard
M. Christine Maggard, VSB# 33824
Brock & Scott, PLLC

484 Viking Drive, Suite 203
Virginia Beach, VA 23452
*Counsel for the Movant*

**SEEN & AGREED:**


/s/ Jeremy Calvin Huang authorized via email
Jeremy Calvin Huang, VSB# 76861
Woehrle Dahlberg Jones Yao PLLC
10615 Judicial Dr., Suite 102
Fairfax, VA 22030
*Counsel for Debtor*

**SEEN:**


/s/ Suzzane E. Wade authorized via email
Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780
*Trustee*

## CERTIFICATE

 I hereby certify that this proposed Order has been endorsed by all necessary parties involved in this proceeding.

              <u>/s/ M. Christine Maggard</u>
              M. Christine Maggard, VSB# 33824

The Clerk shall mail a copy of the entered Order to the following:

Jeremy Calvin Huang
Woehrle Dahlberg Jones Yao PLLC
10615 Judicial Dr., Suite 102
Fairfax, VA 22030
*Counsel for Debtor*

Gilvia Vonzella Wilson
436 Hoke Drive
Petersburg, VA 23805
*Debtor*

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780
*Trustee*

M. Christine Maggard
Brock & Scott, PLLC
484 Viking Drive, Suite 203
Virginia Beach, VA 23452
*Counsel for the Movant*

## CERTIFICATE

 The undersigned certified that the foregoing Order Resolving Relief from Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made:

              <u>/s/ M. Christine Maggard</u>
              Attorney for Movant